UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

FILED

MAY - 2 2013

Deputy Clerk, U.S. District Court
Middle District of Louisiana
Baton Rouge

**SUPERSEDING INDICTMENT FOR CONSPIRACY TO COMMIT HEALTH CARE FRAUD, HEALTH CARE FRAUD, CONSPIRACY TO PAY AND RECEIVE KICKBACKS AND FORFEITURE**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Criminal No. 12-CR-73 |
| v. | : | |
| | : | |
| HOOR NAZ JAFRI | : | 18 U.S.C. § 1349 |
| ROSLYN F. DOGAN | : | 18 U.S.C. § 1347 |
| ZAHID IMRAN, M.D. | : | 18 U.S.C. § 2 |
| SEDRA J. SIGNATER | : | 18 U.S.C. § 371 |
| ARTHUR SMITH, JR. | : | 42 U.S.C. § 1320a-7b(b) |
| KYEIANA E. MURRAY | : | 18 U.S.C. § 982 |
| ROBERT E. BOOKER | : | |
| RAFAT M. JAFRI | : | |
| JAMES R. HUNTER | : | |
| ANNA NGANG | : | |
| OSBORNE "PATRICK" WALLACE | : | |

**THE GRAND JURY CHARGES**:

### General Allegations

At all times relevant to this Indictment:

### The Medicare Program

1.    The Medicare Program ("Medicare") was a federal health care program providing benefits to persons who were over the age of 65 or disabled.  Medicare was administered by the United States Department of Health and Human Services ("HHS") through its agency, the Centers for Medicare & Medicaid Services ("CMS").

2.    Medicare was a "health care benefit program," as defined by Title 18, United States Code, Section 24(b).

3.      Medicare was subdivided into multiple parts.  Medicare Part B covered partial hospitalization programs ("PHPs") connected with the treatment of mental illness.  The treatment program of PHPs closely resembled that of a highly structured, short-term hospital inpatient program, but it was a distinct and organized intensive treatment program that offered less than 24-hour daily care.

4.      Patients eligible for Medicare coverage of a PHP comprised two groups:  (1) those patients who were discharged from an inpatient hospital treatment program, and who were enrolled in a PHP in lieu of continued inpatient treatment; and (2) those patients who, in the absence of partial hospitalization, would require inpatient hospitalization.

5.      Medicare guidelines required that patients admitted to a PHP required PHP services at levels of intensity and frequency comparable to patients in an inpatient setting for similar psychiatric illnesses.

6.      As of 2009, Medicare guidelines specified that PHP patients require and receive a minimum of 20 hours per week of therapeutic services, as evidenced by their plan of care.

7.      Medicare provided a PHP benefit for eligible patients in a PHP, which included:  (1) individual and group psychotherapy with physicians, psychologists, or other mental health professionals authorized or licensed by the state in which they practiced; (2) occupational therapy requiring the skills of a qualified occupational therapist; (3) services of social workers, trained psychiatric nurses, and other staff trained to work with psychiatric patients and authorized or licensed to provide these services by the state in which they practiced; (4) drugs and biologicals furnished for therapeutic purposes that could not be self-administered; (5) individualized activity therapies that were not primarily recreational or diversionary; (6) family counseling (for treatment

of the patient's condition); (7) patient education programs where the educational activities were closely related to the care and treatment of the patient; and (8) diagnostic services.

8.    Medicare guidelines specifically excluded meals and transportation from coverage under the PHP benefit.

9.    PHP coverage under Medicare did not include programs providing primarily social, recreational, or diversionary activities.  Medicare excluded from coverage programs attempting to maintain psychiatric wellness where there was no risk of relapse or hospitalization.  Psychosocial programs that provided only a structured environment, socialization, recreation, diversionary activities, custodial or respite care, or vocational rehabilitation were not covered by Medicare.

10.    Medicare required that the PHP was provided at a facility that was hospital based or hospital affiliated or at a community mental health center ("CMHC"), which was a provider type under Part A of Medicare.

11.    Individuals who qualified for Medicare benefits were commonly referred to as Medicare "beneficiaries."  Each beneficiary was given a Medicare identification number.

12.    CMHCs, physicians and other healthcare providers that provided services to Medicare beneficiaries were referred to as Medicare "providers."  To participate in Medicare, providers were required to submit an application in which the providers agreed to comply with all Medicare-related laws and regulations.  If Medicare approved a provider's application, Medicare assigned the provider a Medicare "provider number."  A healthcare provider with a Medicare provider number could file claims with Medicare to obtain reimbursement for services rendered to beneficiaries.

13.     Medicare paid CMHCs and other healthcare providers for services rendered to beneficiaries.  To receive payment from Medicare, providers submitted or caused the submission of claims to Medicare, either directly or through a billing company.

14.     In addition to reimbursing CMHCs for PHP services, Medicare reimbursed doctors separately for medical services, including psychiatric care, provided at PHPs.

15.     CMS did not directly pay Medicare claims submitted by Medicare-certified CMHCs for PHP services.  CMS contracted with different companies to administer the Medicare Part B program throughout different parts of the United States.

16.     To bill Medicare for services rendered, a provider submitted a claim form (Form 1450) to the Medicare contractor.  When a Form 1450 was submitted, usually in electronic form, the provider certified that:  (1) the contents of the form were true, correct and complete; (2) the form was prepared in compliance with the laws and regulations governing Medicare; and (3) the services purportedly provided as set forth in the claim were medically necessary.

17.     A Medicare claim for PHP reimbursement was required to set forth, among other things, the beneficiary's name and unique Medicare identification number, the item or service provided to the beneficiary, the date that the item or service was provided, the cost of the item or service and the name and unique physician identification number of the physician who prescribed or ordered the item or service.

18.     The medical and other documentation supporting the claim for services as required by the Medicare regulations was not submitted with the health insurance claim form that was submitted to the CMS contractor.  Rather, the Medicare provider was required to retain such

documentation at its premises and produce these documents upon request by CMS or one of its contractors.

19.     The written records required to document the appropriateness of PHP claims submitted under Part B of Medicare included an Initial Psychiatric Evaluation and Certification, a Treatment Plan, and Progress Notes to document the services provided, the patient's response to them, and the relation of the services to the patient's treatment plan.

### Psychcare of Louisiana, LLC dba Shifa Community Mental Health Center, Serenity Center, LLC and Shifa CMHC of Texas, LLC

20.     Psychcare of Louisiana, LLC dba Shifa Community Mental Health Center ("Shifa") was a Louisiana Limited Liability Company, incorporated in 2002 and headquartered in Baton Rouge, Louisiana.  Shifa was a CMHC that operated a purported PHP at 6717 Goya Ave., Baton Rouge, LA, and had a Human Resources office located at 6859 Goya Ave., Baton Rouge, LA.

21.     Serenity Center, LLC ("Serenity") was a Louisiana Limited Liability Company, incorporated in 2005 and headquartered in Baton Rouge, Louisiana.  Serenity was a CMHC that operated a purported PHP at 1023 N. Lobdell Boulevard, Baton Rouge, LA.

22.     Shifa CMHC of Texas, LLC ("Shifa Texas") was a Texas Limited Liability Company, incorporated in 2008 and headquartered in Houston, Texas.  Shifa Texas was a CMHC that operated a purported PHP at 8500 Hillcroft Street, Houston, TX.

### The Defendants

23.     Defendant **HOOR NAZ JAFRI**, a resident of Baton Rouge, Louisiana, was an owner, director, officer, and managing employee of Shifa, Serenity and Shifa Texas.

24.     Defendant **ROSLYN F. DOGAN**, a resident of Baton Rouge, Louisiana, was an owner, director, officer, and managing employee of Serenity.

25.     Defendant **ZAHID IMRAN, M.D.,** a resident of Baton Rouge, Louisiana, was an owner, director, officer, and managing employee of Serenity and Shifa Texas and served as the medical director at Shifa.

26.     Defendant **SEDRA J. SIGNATER**, a resident of Baton Rouge, Louisiana, was the administrator of Shifa.

27.     Defendant **ARTHUR SMITH, JR.,** a resident of Woodville, Mississippi, was a managing employee and the administrator of Serenity.

28.     Defendant **KYEIANA E. MURRAY**, a resident of Baton Rouge, Louisiana, was the office manager of Shifa.

29.     Defendant **ROBERT E. BOOKER**, a resident of Clinton, Louisiana, was a licensed recreational therapist employed at Shifa.

30.     Defendant **RAFAT M. JAFRI**, a resident of Houston, Texas, was an owner, director, officer, and managing employee of Shifa Texas.

31.     Defendant **JAMES R. HUNTER**, a resident of Houston, Texas, was paid to refer Medicare beneficiaries to Shifa Texas and paid Medicare beneficiaries to attend the program.

32.     Defendant **ANNA NGANG**, a resident of Houston, Texas, was a licensed master of social work who served as a therapist and the program director of the PHP at Shifa Texas.

33.     Defendant **OSBORNE "PATRICK" WALLACE,** a resident of Houston, Texas, was a recreational therapist employed at Shifa Texas.

-6-

## COUNT 1
### Conspiracy to Commit Health Care Fraud
### (18 U.S.C. § 1349)

34.     Paragraphs 1 through 33 of the General Allegations section of this Indictment are realleged and incorporated by reference as though fully set forth herein.

35.     From in or around January 2005 through in or around April 2012, the exact dates being unknown to the Grand Jury, in the Middle District of Louisiana, and elsewhere, the defendants,

**HOOR NAZ JAFRI,**
**ROSLYN F. DOGAN,**
**ZAHID IMRAN, M.D.,**
**SEDRA J. SIGNATER,**
**ARTHUR SMITH, JR.,**
**KYEIANA E. MURRAY,**
**ROBERT E. BOOKER,**
**RAFAT M. JAFRI,**
**JAMES R. HUNTER,**
**ANNA NGANG, and**
**OSBORNE "PATRICK" WALLACE,**

did knowingly and willfully combine, conspire, confederate and agree with each other and with others, known and unknown to the Grand Jury, to violate Title 18, United States Code, Section 1347, that is, to execute a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, Medicare, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said healthcare benefit program, in connection with the delivery of and payment for health care benefits, items, and services.

## Purpose of the Conspiracy

36.     It was a purpose of the conspiracy for defendants **HOOR NAZ JAFRI, ROSLYN F. DOGAN, ZAHID IMRAN, SEDRA J. SIGNATER, ARTHUR SMITH, JR., KYEIANA E. MURRAY, ROBERT E. BOOKER, RAFAT M. JAFRI, JAMES R. HUNTER, ANNA NGANG, OSBORNE "PATRICK" WALLACE** and their co-conspirators to unlawfully enrich themselves and their co-conspirators by, among other things, (a) billing Medicare for medically unnecessary PHP services that were purportedly provided to patients who did not qualify for PHP services reimbursable by Medicare, (b) billing Medicare for PHP services that were never provided, (c) creating false documentation for the medically unnecessary services and for services that were never provided, in order to support the false and fraudulent claims billed to Medicare, and (d) causing the diversion of the proceeds of the fraud for the personal use and benefit of the defendants and their co-conspirators.

## Manner and Means of the Conspiracy

The manner and means by which the defendants and other co-conspirators sought to accomplish the object and purpose of the conspiracy included, among other things:

37.     **HOOR NAZ JAFRI, ZAHID IMRAN** and other co-conspirators would obtain a Medicare provider number for Shifa in order to submit Medicare claims for PHP services at Shifa.

38.     **HOOR NAZ JAFRI, ROSLYN F. DOGAN** and other co-conspirators would obtain a Medicare provider number for Serenity in or around 2005 when the Medicare provider number for Shifa was suspended.

39.     **HOOR NAZ JAFRI, ROSLYN F. DOGAN** and other co-conspirators, known and unknown, would recruit Medicare beneficiaries to be placed at Shifa and Serenity for PHP services

that were not medically necessary and not provided.  **JAFRI** and **DOGAN** would recruit patients who did not qualify for PHP services and for whom the PHP services were not medically necessary.

40.     With the assistance of **HOOR NAZ JAFRI, ROSLYN F. DOGAN** and other co-conspirators, **ZAHID IMRAN** would admit patients to Shifa for PHP services when those patients did not qualify for PHP services and when the services were not medically necessary.

41.     **HOOR NAZ JAFRI, ROSLYN F. DOGAN, SEDRA J. SIGNATER, KYEIANA E. MURRAY** and other co-conspirators would direct **ROBERT E. BOOKER** and other co-conspirators to falsify documents, including patient treatment notes and attendance records, for the purpose of making it appear that patients received PHP treatments at Shifa that they did not receive, and for the purpose of making it appear that those patients received at least the minimum amount of treatments necessary to qualify to bill Medicare for PHP services for those patients.

42.     **SEDRA J. SIGNATER** would falsify documents, including patient treatment notes and attendance records, for the purpose of making it appear that he had provided PHP treatments to patients at Shifa, despite the fact that **SIGNATER** did not provide those treatments.

43.     **HOOR NAZ JAFRI, ROSLYN F. DOGAN, ARTHUR SMITH, JR.** and other co-conspirators would direct James J. Myer and other co-conspirators to falsify documents, including patient treatment notes and attendance records, for the purpose of making it appear that patients received PHP treatments at Serenity that they did not receive, and for the purpose of making it appear that those patients received at least the minimum amount of treatments necessary to qualify to bill Medicare for PHP services for those patients.

44.    **ARTHUR SMITH, JR.** would falsify documents, including patient treatment notes and attendance records, for the purpose of making it appear that he had provided PHP treatments to patients at Serenity, despite the fact that **SMITH** did not provide those treatments.

45.    **KYEIANA E. MURRAY** would falsify documents, including records of treatments provided, by signing the names of social workers on these documents, for the purpose of making it appear as if the social workers had provided PHP treatments to patients at Shifa, despite the fact that these treatments were not provided.

46.    **ZAHID IMRAN** would falsify documents, including records of treatments provided, for the purpose of making it appear that he had provided medical treatment to PHP patients at Shifa when he did not provide this treatment.

47.    **HOOR NAZ JAFRI, ROSLYN F. DOGAN** and their co-conspirators would cause claims to be submitted to Medicare for PHP services purportedly provided at Shifa and Serenity that were not medically necessary and not provided.

48.    **ZAHID IMRAN** and his co-conspirators would cause claims to be submitted to Medicare for individual psychiatric services he purportedly provided to patients at Shifa, when he did not in fact provide these services.

49.    **HOOR NAZ JAFRI, ZAHID IMRAN, RAFAT M. JAFRI** and their co-conspirators would obtain a Medicare provider number for Shifa Texas in order to submit Medicare claims for PHP services at Shifa Texas.

50.    **HOOR NAZ JAFRI** and other co-conspirators would direct **ANNA NGANG, OSBORNE "PATRICK" WALLACE** and other co-conspirators to falsify documents, patient

treatment notes and attendance records, for the purpose of making it appear that patients received PHP treatment at Shifa Texas that they did not in fact receive.

51.     Patient recruiters, including **JAMES R. HUNTER** and other co-conspirators, would recruit Medicare beneficiaries so that they could be placed at Shifa Texas for PHP services that were not medically necessary and not provided.  In return, **HOOR NAZ JAFRI, RAFAT M. JAFRI** and other co-conspirators would pay kickbacks to patient recruiters, including **JAMES R. HUNTER.**

52.     **HOOR NAZ JAFRI, RAFAT M. JAFRI, JAMES R. HUNTER** and other co-conspirators would pay and cause to be paid kickbacks to Medicare beneficiaries so that they would attend Shifa Texas.

53.     **HOOR NAZ JAFRI, ROSLYN F. DOGAN, ZAHID IMRAN, RAFAT M. JAFRI** and their co-conspirators would cause claims to be submitted to Medicare for PHP services purportedly provided at Shifa, Serenity, and Shifa Texas in an amount totaling approximately $258.5 million.

### Overt Acts

In furtherance of the conspiracy, and to accomplish its object and purpose, the conspirators committed and caused to be committed, in the Middle District of Louisiana and elsewhere, the following overt acts:

54.     On or about March 21, 2009, **ARTHUR SMITH, JR.** falsified notes for patient T.B. to make it appear that **SMITH** had provided education psychotherapy and recreational psychotherapy to T.B. at Serenity, when no such services were provided, and T.B. was at Baton Rouge General Hospital on an inpatient basis on that date.

55.     On or about May 9, 2009, **SEDRA J. SIGNATER** falsified notes for patient J.R. to make it appear that **SIGNATER** had provided recreational psychotherapy to J.R. at Shifa, when no such service was provided, and J.R. was at Baton Rouge General Hospital on an inpatient basis on that date.

56.     On or about May 23, 2009, **ZAHID IMRAN** falsified patient records for patient E.P. to make it appear that E.P. had been evaluated for admission and admitted to Shifa when no such evaluation and admission occurred on that date and E.P. was at Cyprus Psychiatric Hospital on an inpatient basis on that date.

57.     On or about June 3, 2009, **ROBERT E. BOOKER** falsified notes for patient C.M. to make it appear that **BOOKER** had provided education psychotherapy and recreational psychotherapy to C.M. at Shifa, when no such service was provided, and C.M. was at Cypress Psychiatric Hospital on an inpatient basis on an inpatient basis on that date.

58.     On or about September 5, 2010, **KYEIANA E. MURRAY** signed the names of two therapists on billing summary documentation, without the permission of the therapists, in order to falsify records for patient V.S. to make it appear that V.S. had received psychotherapy and education and activity therapy at Shifa when no such services were provided.

59.     In or around July 2011, **ROSLYN F. DOGAN** directed a co-conspirator to alter the notes in the file of patient K.O., who had purportedly been receiving PHP treatment at Shifa.

60.     On or about April 29, 2011, **ANNA NGANG** falsified notes for patient V. H. to make it appear that V. H. had received group psychotherapy at Shifa Texas, when no such services were provided, and V.H. was at St. Luke's Episcopal Hospital on an inpatient basis on that date.

61.     On or about April 29, 2011, **OSBORNE "PATRICK" WALLACE** falsified notes for patient V. H. to make it appear that V. H. had received group recreational therapy at Shifa Texas, when no such services were provided, and V.H. was at St. Luke's Episcopal Hospital on an inpatient basis on that date.

62.     On or about May 11, 2011, **RAFAT M. JAFRI** paid **ANNA NGANG** $300 for falsifying patient records at Shifa Texas.

The above is a violation of Title 18, United States Code, Section 1349.

**<u>COUNTS 2-10</u>**
**Health Care Fraud**
**(18 U.S.C. §§ 1347 and 2)**

63.     Paragraphs 1 through 33 and 36 through 62 of the Indictment are realleged and incorporated by reference as though fully set forth herein.

64.     On or about the dates set forth below, the exact dates being unknown to the Grand Jury, in the Middle District of Louisiana and elsewhere, the defendants listed below, each aided and abetted by one another, and by others known and unknown to the Grand Jury, in connection with the delivery of and payment for health care benefits, items, and services, did knowingly and willfully execute, and attempt to execute, a scheme or artifice to defraud a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, Medicare, and obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of Medicare, in connection with the delivery of and payment for health care benefits, items, and services, as listed below:

| Count | Defendants | Bene-ficiary | Services Billed (by type, not number of services) | Approx. Claim Receipt Date | Amount Billed | Claim Number |
|---|---|---|---|---|---|---|
| 2 | HOOR NAZ JAFRI, SEDRA J. SIGNATER | J.R. | G0410  Grp Psych Partial Hosp 45-50;<br><br>G0176 Opps/Php; activity Therapy;<br><br>G0177 Opps/Php; Train & Educ Serv | 5/13/09 | $7,750 | 20913301448402 |
| 3 | HOOR NAZ JAFRI, SEDRA J. SIGNATER | R.J. | G0410  Grp Psych Partial Hosp 45-50;<br><br>G0176 Opps/Php; activity Therapy;<br><br>G0177 Opps/Php; Train & Educ Serv | 10/28/09 | $7,750 | 20930100895102 |
| 4 | HOOR NAZ JAFRI, ROBERT E. BOOKER | C.M. | G0410  Grp Psych Partial Hosp 45-50;<br><br>G0176 Opps/Php; activity Therapy;<br><br>G0177 Opps/Php; Train & Educ Serv | 6/10/09 | $5,550 | 20916100834302 |
| 5 | HOOR NAZ JAFRI, ROBERT E. BOOKER | M.J. | G0410  Grp Psych Partial Hosp 45-50;<br><br>G0176 Opps/Php; activity Therapy;<br><br>G0177 Opps/Php; Train & Educ Serv | 7/29/09 | $5,500 | 20921000620702 |
| 6 | HOOR NAZ JAFRI, ROSLYN F. DOGAN, ARTHUR SMITH, JR. | T.B. | G0410  Grp Psych Partial Hosp 45-50;<br><br>G0176 Opps/Php; activity Therapy;<br><br>G0177 Opps/Php; Train & Educ Serv | 3/25/09 | $6,600 | 20908400885502 |

| Count | Defendants | Bene-ficiary | Services Billed (by type, not number of services) | Approx. Claim Receipt Date | Amount Billed | Claim Number |
|---|---|---|---|---|---|---|
| 7 | HOOR NAZ JAFRI, ROSLYN F. DOGAN, ARTHUR SMITH, JR. | M.B. | 90853   Group Psychotherapy;<br><br>G0176 Opps/Php; activity Therapy<br><br>G0177 Opps/Php; Train & Educ Serv; | 9/3/08 | $4,800 | 20824700376302 |
| 8 | ZAHID IMRAN | R.S. | 99232 Subsequent Hospital Care | 11/6/08 | $150 | 531108311017630 |
| 9 | ZAHID IMRAN | E.P. | 99222 Initial Hospital Care | 6/4/09 | $175 | 531109155018390 |
| 10 | ZAHID IMRAN | O.C. | 99232 Subsequent Hospital Care | 9/5/11 | $150 | 531111249009860 |

Each of the above is a violation of Title 18, United States Code, Sections 1347 and 2.

## COUNT 11
### Conspiracy to Pay and Receive Health Care Kickbacks
### (18 U.S.C. § 371)

65.     Paragraphs 1 through 33 of this Indictment are re-alleged and incorporated as though fully set forth herein.

66.     From in or around January 2008 through in or around April 2012, in the Middle District of Louisiana, and elsewhere, defendants,

**HOOR NAZ JAFRI,**
**RAFAT M. JAFRI, and**
**JAMES R. HUNTER,**

did knowingly and willfully combine, conspire, confederate and agree with each other and with others known and unknown to the grand jury, to commit certain offenses against the United States, that is,

a.  to violate Title 42, United States Code, Section 1320a-7b(b)(1), by knowingly and willfully soliciting and receiving remuneration, specifically, kickbacks and bribes, directly and

-15-

indirectly, overtly and covertly, in return for referring individuals for the furnishing and arranging for the furnishing of any item and service for which payment may be made in whole or in part by Medicare; and for the purchasing, leasing, ordering, and arranging for and recommending the purchasing, leasing, and ordering of any good, item, and service for which payment may be made in whole and in part by a Federal health care program, that is, Medicare; and

b.   to violate Title 42, United States Code, Section 1320a-7b(b)(2), by knowingly and willfully offering and paying remuneration, specifically, kickbacks and bribes, directly and indirectly, overtly and covertly, in return for referring individuals for the furnishing and arranging for the furnishing of any item and service for which payment may be made in whole or in part by Medicare; and for the purchasing, leasing, ordering, and arranging for and recommending the purchasing, leasing, and ordering of any good, item, and service for which payment may be made in whole and in part by a Federal health care program, that is, Medicare.

## Purpose of the Conspiracy

67.    It was a purpose of the conspiracy for defendants **HOOR NAZ JAFRI, RAFAT M. JAFRI, JAMES R. HUNTER** and their co-conspirators to unlawfully enrich themselves by paying and receiving illegal kickbacks and bribes in exchange for Medicare beneficiary information that was used to submit claims to Medicare.

## Manner and Means

The manner and means by which the defendants and their co-conspirators sought to accomplish the object and purpose of the conspiracy, included, among others, the following:

-16-

68.     Paragraphs 49 through 53 of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

### Overt Acts

In furtherance of the conspiracy, and to accomplish its object and purpose, the conspirators committed and caused to be committed, in the Middle District of Louisiana and elsewhere, the following overt acts:

69.     In or about February 2011, **HOOR NAZ JAFRI** met with **JAMES R. HUNTER** and agreed to pay him $1500 per month for the referral of Medicare beneficiaries, in whose names Shifa Texas would submit claims to Medicare.

70.     On or about June 13, 2011, **RAFAT M. JAFRI** paid, and caused to be paid, kickbacks in the amount of $1500 to **JAMES R HUNTER.**

71.     On or about June 13, 2011, **RAFAT M. JAFRI** and **JAMES R. HUNTER** paid, and caused to be paid, kickbacks in the amount of $75 to each of approximately eighty-nine different Medicare beneficiaries, totaling approximately $6,675.

72.     In or around May 2011, **HOOR NAZ JAFRI,** while in Baton Rouge, LA, spoke to a known co-conspirator about kickback payments for **JAMES R. HUNTER.**

73.     On July 18, 2011, **HOOR NAZ JAFRI** spoke to a known co-conspirator about paying kickbacks to **JAMES R. HUNTER** and to the co-conspirator.

The above is a violation of Title 18, United States Code, Section 371.

### Forfeiture Allegation

74.     The allegations contained in Counts 1 through 11 of this Indictment are realleged and incorporated as though fully set forth herein for the purpose of alleging forfeiture to the United

States of America of certain property in which the defendants have an interest pursuant to the provisions of Title 18, United States Code, Section 982(a)(7) and the procedures outlined at Title 21, United States Code, Section 853.

75.    Upon conviction of Counts 1 through 11 of this Indictment, defendants shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(7), any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense.

76.    The property that is subject to forfeiture includes, but is not limited to, a money judgment in the amount of up to the gross proceeds of the health care fraud offenses set forth in Counts 1 through 11 of the Indictment.

77.    If, as a result of any act or omission of the defendants, the property described above that is subject to forfeiture,

      a.    cannot be located upon the exercise of due diligence;

      b.    has been transferred or sold to, or deposited with a third party;

      c.    has been placed beyond the jurisdiction of the Court;

      d.    has been substantially diminished in value; or

      e.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as made applicable by Title 18, United States Code, Section 982(b), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described above.

All pursuant to Title 18, United States Code, Sections 982(a)(7) and 982(b) and the procedures outlined at Title 21, United States Code, Section 853.

UNITED STATES OF AMERICA, by

DONALD J. CAZAYOUX, JR.
UNITED STATES ATTORNEY
MIDDLE DISTRICT OF LOUISIANA

ABIGAIL B. TAYLOR
TRIAL ATTORNEY
CRIMINAL FRAUD SECTION
DEPARTMENT OF JUSTICE

SHUBHRA SHIVPURI
ASSISTANT UNITED STATES ATTORNEY
MIDDLE DISTRICT OF LOUISIANA

**A TRUE BILL**

GRAND JURY FOREPERSON

5.2.13

DATE

| Criminal Cover Sheet | U.S. District Court |

**Place of Offense:**

**Matter to be sealed:** ☒ No   ☐ Yes

City          Baton Rouge

County/Parish East Baton Rouge

**Related Case Information:**

Superseding Indictment ___X___  Docket Number 12-73-BAJ-SCR
Same Defendant ___X___   New Defendant _____
Magistrate Case Number _____
Search Warrant Case No. _____
R 20/ R 40 from District of _____
**Any Other Related Cases:** _____

**Defendant Information:**

Defendant Name     Hoor Naz Jafri
Alias
Address ███████████████████████████████
Birthdate ████████        SS # ███████        Sex  F    Race      Nationality  USA

**U.S. Attorney Information:**

AUSA       Shubhra Shivpuri                    Bar #
           Abigail Taylor

**Interpreter:** ☒ No   ☐ Yes     **List language and/or dialect:** _____

**Location Status:**

Arrest Date _____
_____    Already in Federal Custody as of    _____
_____    Already in State Custody
_____    On Pretrial Release

**U.S.C. Citations**

**Total # of Counts:** _____8_____     ☐ Petty    ☐ Misdemeanor    ☒ Felony

| | Index Key/Code | Description of Offense Charged | Count(s) |
|---|---|---|---|
| set 1 | 18 U.S.C. 1349 | Conspiracy to Commit Health Care Fraud | 1 |
| set 2 | 18 U.S.C. 1347 and 2 | Health Care Fraud | 2-7 |
| set 3 | 18 U.S.C. 37 | Conspiracy to Pay and Receive Health Care Kickbacks | 11 |
| set 4 | | | |

(May be continued on second sheet)

Date: 5/2/13          Signature of AUSA: _____

**District Court Case Number (To be filled in by deputy clerk):** _____

| Criminal Cover Sheet | U.S. District Court |
|---|---|

**Place of Offense:**

City _____Baton Rouge_____

County/Parish _East Baton Rouge_____

**Matter to be sealed:** ☒ No   ☐ Yes

**Related Case Information:**

Superseding Indictment ___X___   Docket Number 12-73-BAJ-SCR
Same Defendant ___X___   New Defendant _____
Magistrate Case Number _____
Search Warrant Case No. _____
R 20/ R 40 from District of _____
**Any Other Related Cases:** _____

**Defendant Information:**

Defendant Name     Roslyn F. Dogan
Alias
Address ████████████████████████████
Birthdate ████████          SS # ████████          Sex  F     Race          Nationality USA

**U.S. Attorney Information:**

AUSA     Shubhra Shivpuri                                        Bar #
             Abigail Taylor

**Interpreter:** ☒ No  ☐ Yes          **List language and/or dialect:** _____

**Location Status:**

Arrest Date _____
_____     Already in Federal Custody as of _____
_____     Already in State Custody
_____     On Pretrial Release

**U.S.C. Citations**

**Total # of Counts:** ____3____          ☐ Petty   ☐ Misdemeanor   ☒ Felony

|  | Index Key/Code | Description of Offense Charged | Count(s) |
|---|---|---|---|
| set 1 | 18 U.S.C. 1349 | Conspiracy to Commit Health Care Fraud | 1 |
| set 2 | 18 U.S.C. 1347 and 2 | Health Care Fraud | 6-7 |
| set 3 | _____ | _____ | _____ |
| set 4 | _____ | _____ | _____ |

(May be continued on second sheet)

**Date:** _5/2/13_          **Signature of AUSA:** _[signature]_

**District Court Case Number (To be filled in by deputy clerk):** _____

| Criminal Cover Sheet | U.S. District Court |
|---|---|

**Place of Offense:**

**Matter to be sealed:** ☒ No   ☐ Yes

City ___Baton Rouge___

**Related Case Information:**

County/Parish East Baton Rouge

Superseding Indictment ___X___ Docket Number 12-73-BAJ-SCR
Same Defendant _____     New Defendant __X__
Magistrate Case Number _____
Search Warrant Case No. _____
R 20/ R 40 from District of _____
**Any Other Related Cases:** _____

**Defendant Information:**

Defendant Name     Zahid Imran
Alias
Address ████████████████████████████
Birthdate ████████         SS # ████████     Sex  M     Race     Nationality USA

**U.S. Attorney Information:**

AUSA     Shubhra Shivpuri                                         Bar #
             Abigail Taylor

**Interpreter:** ☒ No  ☐ Yes     **List language and/or dialect:** _____

**Location Status:**

Arrest Date _____
_____ Already in Federal Custody as of _____
_____ Already in State Custody
_____ On Pretrial Release

**U.S.C. Citations**

**Total # of Counts:** ___4___     ☐ Petty   ☐ Misdemeanor   ☒ Felony

|       | Index Key/Code | Description of Offense Charged | Count(s) |
|-------|----------------|-------------------------------|----------|
| set 1 | 18 U.S.C. 1349 | Conspiracy to Commit Health Care Fraud | 1 |
| set 2 | 18 U.S.C. 1347 and 2 | Health Care Fraud | 8-10 |
| set 3 |  |  |  |
| set 4 |  |  |  |

(May be continued on second sheet)

Date: 5|2|13     Signature of AUSA: _Shubhra Shivpuri_ (signature)

**District Court Case Number (To be filled in by deputy clerk):** _____

**Criminal Cover Sheet**                    **U.S. District Court**

**Place of Offense:**                        **Matter to be sealed:** ☒ No   ☐ Yes

City          Baton Rouge                    **Related Case Information:**

County/Parish East Baton Rouge               Superseding Indictment __X__ Docket Number 12-73-BAJ-SCR
                                             Same Defendant ___X___    New Defendant _____
                                             Magistrate Case Number _____
                                             Search Warrant Case No. _____
                                             R 20/ R 40 from District of _____
                                             **Any Other Related Cases:** _____

**Defendant Information:**

Defendant Name     Sedra J. Signater
Alias
Address    ███████████████████████████████
Birthdate  ████████           SS # ███████       Sex   M      Race        Nationality USA

**U.S. Attorney Information:**

AUSA       Shubhra Shivpuri                         Bar #
           Abigail Taylor

**Interpreter:** ☒ No  ☐ Yes      **List language and/or dialect:** _____

**Location Status:**

Arrest Date _____

_____    Already in Federal Custody as of    _____
_____    Already in State Custody
_____    On Pretrial Release

**U.S.C. Citations**

**Total # of Counts:** ___3___    ☐ Petty   ☐ Misdemeanor   ☒ Felony

|        | Index Key/Code | Description of Offense Charged | Count(s) |
|--------|----------------|-------------------------------|----------|
| set 1  | 18 U.S.C. 1349 | Conspiracy to Commit Health Care Fraud | 1 |
| set 2  | 18 U.S.C. 1347 and 2 | Health Care Fraud | 2-3 |
| set 3  |                |                               |          |
| set 4  |                |                               |          |

(May be continued on second sheet)

**Date:** 5/2/13          **Signature of AUSA:** _Shubhra Shivpuri_

**District Court Case Number (To be filled in by deputy clerk):** _____

| Criminal Cover Sheet | U.S. District Court |
|---|---|

**Place of Offense:**

City     Baton Rouge

County/Parish East Baton Rouge

**Matter to be sealed:** ☒ No  ☐ Yes

**Related Case Information:**

Superseding Indictment   X   Docket Number 12-73-BAJ-SCR
Same Defendant    X    New Defendant _____
Magistrate Case Number _____
Search Warrant Case No. _____
R 20/ R 40 from District of _____
**Any Other Related Cases:** _____

**Defendant Information:**

Defendant Name   Arthur Smith, Jr.
Alias
Address ██████████████████████████
Birthdate ██████████    SS # ███████    Sex  M    Race    Nationality USA

**U.S. Attorney Information:**

AUSA    Shubhra Shivpuri
        Abigail Taylor                 Bar #

**Interpreter:** ☒ No  ☐ Yes    **List language and/or dialect:** _____

**Location Status:**

Arrest Date _____
_____  Already in Federal Custody as of  _____
_____  Already in State Custody
_____  On Pretrial Release

**U.S.C. Citations**

**Total # of Counts:** _____4_____    ☐ Petty    ☐ Misdemeanor  ☒ Felony

| | Index Key/Code | Description of Offense Charged | Count(s) |
|---|---|---|---|
| set 1 | 18 U.S.C. 1349 | Conspiracy to Commit Health Care Fraud | 1 |
| set 2 | 18 U.S.C. 1347 and 2 | Health Care Fraud | 6-7 |
| set 3 | 18 U.S.C. 371 | Conspiracy to Pay and Receive Health Care Kickbacks | 11 |
| set 4 | | | |

(May be continued on second sheet)

Date: 5|2|13    **Signature of AUSA:** _~signature~_

**District Court Case Number (To be filled in by deputy clerk):** _____

| | **Criminal Cover Sheet** | **U.S. District Court** |
|---|---|---|

**Place of Offense:**

**Matter to be sealed:** ☐ No  ☒ Yes

City          Baton Rouge

**Related Case Information:**

County/Parish East Baton Rouge

Superseding Indictment ___X___ Docket Number 12-73-BAJ-SCR
Same Defendant ____X____  New Defendant _____
Magistrate Case Number _____
Search Warrant Case No. _____
R 20/ R 40 from District of _____
Any Other Related Cases: _____

**Defendant Information:**

Defendant Name      Kyeiana Elizabeth Murray
Alias
Address ████████████████████████████
Birthdate ██████████        SS # ███████      Sex  F      Race      Nationality USA

**U.S. Attorney Information:**

AUSA      Shubhra Shivpuri                                        Bar #
          Abigail Taylor

**Interpreter:** ☒ No  ☐ Yes      **List language and/or dialect:** _____

**Location Status:**

Arrest Date _____
_____  Already in Federal Custody as of      _____
_____  Already in State Custody
_____  On Pretrial Release

**U.S.C. Citations**

**Total # of Counts:** ____1____      ☐ Petty      ☐ Misdemeanor      ☒ Felony

| | Index Key/Code | Description of Offense Charged | Count(s) |
|---|---|---|---|
| set 1 | 18 U.S.C. 1349 | Conspiracy to Commit Health Care Fraud | 1 |
| set 2 | | | |
| set 3 | | | |
| set 4 | | | |

(May be continued on second sheet)

**Date:** 5/2/13      **Signature of AUSA:** _[signature]_

**District Court Case Number (To be filled in by deputy clerk):** _____

| Criminal Cover Sheet | U.S. District Court |

**Place of Offense:**

**Matter to be sealed:** ☒ No   ☐ Yes

City     <u>Baton Rouge</u>

**Related Case Information:**

County/Parish <u>East Baton Rouge</u>

Superseding Indictment   <u>X</u>   Docket Number 12-73-BAJ-SCR
Same Defendant   <u>X</u>   New Defendant <u>    </u>
Magistrate Case Number  <u>       </u>
Search Warrant Case No. <u>       </u>
R 20/ R 40 from District of <u>     </u>
**Any Other Related Cases:** <u>     </u>

**Defendant Information:**

Defendant Name     Robert Earl Booker, Jr.
Alias
Address ████████████████████████████
Birthdate ████████        SS # ██████████     Sex  M     Race      Nationality USA

**U.S. Attorney Information:**

AUSA     Shubhra Shivpuri                     Bar #
             Abigail Taylor

**Interpreter:** ☒ No ☐ Yes     **List language and/or dialect:** <u>       </u>

**Location Status:**

Arrest Date <u>      </u>
<u>     </u>    Already in Federal Custody as of    <u>      </u>
<u>     </u>    Already in State Custody
<u>     </u>    On Pretrial Release

**U.S.C. Citations**

**Total # of Counts:**    <u>3</u>        ☐ Petty     ☐ Misdemeanor     ☒ Felony

| | <u>Index Key/Code</u> | <u>Description of Offense Charged</u> | <u>Count(s)</u> |
|---|---|---|---|
| set 1 | <u>18 U.S.C. 1349</u> | <u>Conspiracy to Commit Health Care Fraud</u> | <u>1</u> |
| set 2 | <u>18 U.S.C. 1347 and 2</u> | <u>Health Care Fraud</u> | <u>4-5</u> |
| set 3 | <u>    </u> | <u>    </u> | <u>    </u> |
| set 4 | <u>    </u> | <u>    </u> | <u>    </u> |

(May be continued on second sheet)

**Date:** <u>5/2/13</u>     **Signature of AUSA:** _(signature)_

**District Court Case Number (To be filled in by deputy clerk):** <u>     </u>

| | Criminal Cover Sheet | U.S. District Court |
|---|---|---|

**Place of Offense:**

City     Baton Rouge

County/Parish East Baton Rouge

**Matter to be sealed:** ☒ No   ☐ Yes

**Related Case Information:**

Superseding Indictment ___X___ Docket Number 12-73-BAJ-SCR
Same Defendant _____     New Defendant __X__
Magistrate Case Number _____
Search Warrant Case No. _____
R 20/ R 40 from District of _____
**Any Other Related Cases:** _____

**Defendant Information:**

Defendant Name     Rafat M. Jafri
Alias
Address ████████████████████████████
Birthdate ████████     SS # ████████     Sex M   Race ____   Nationality USA

**U.S. Attorney Information:**

AUSA     Shubhra Shivpuri
             Abigail Taylor                                    Bar #

**Interpreter:** ☒ No ☐ Yes     **List language and/or dialect:** _____

**Location Status:**

Arrest Date _____
_____  Already in Federal Custody as of _____
_____  Already in State Custody
_____  On Pretrial Release

**U.S.C. Citations**

**Total # of Counts:** ___2___   ☐ Petty   ☐ Misdemeanor   ☒ Felony

| | Index Key/Code | Description of Offense Charged | Count(s) |
|---|---|---|---|
| set 1 | 18 U.S.C. 1349 | Conspiracy to Commit Health Care Fraud | 1 |
| set 2 | 18 U.S.C. 371 | Conspiracy to Pay and Receive Health Care Kickbacks | 11 |
| set 3 | | | |
| set 4 | | | |

(May be continued on second sheet)

**Date:** 5/2/13     **Signature of AUSA:** _[signature]_

**District Court Case Number (To be filled in by deputy clerk):** _____

| **Criminal Cover Sheet** | **U.S. District Court** |
|---|---|

**Place of Offense:**

**Matter to be sealed:**  ☒ No   ☐ Yes

City          Baton Rouge

**Related Case Information:**

County/Parish East Baton Rouge

Superseding Indictment ___X___ Docket Number 12-73-BAJ-SCR
Same Defendant _____    New Defendant __X__
Magistrate Case Number _____
Search Warrant Case No. _____
R 20/ R 40 from District of _____
**Any Other Related Cases:** _____

**Defendant Information:**

Defendant Name    James R. Hunter
Alias
Address  ███████████████████████████
Birthdate ████████          SS # ██████████        Sex  M      Race        Nationality USA

**U.S. Attorney Information:**

AUSA       Shubhra Shivpuri                                   Bar #
           Abigail Taylor

**Interpreter:**  ☒ No   ☐ Yes      **List language and/or dialect:** _____

**Location Status:**

Arrest Date _____
_____    Already in Federal Custody as of _____
_____    Already in State Custody
_____    On Pretrial Release

**U.S.C. Citations**

**Total # of Counts:** ___2___       ☐ Petty   ☐ Misdemeanor   ☒ Felony

|  | **Index Key/Code** | **Description of Offense Charged** | **Count(s)** |
|---|---|---|---|
| set 1 | 18 U.S.C. 1349 | Conspiracy to Commit Health Care Fraud | 1 |
| set 2 | 18 U.S.C. 37 | Conspiracy to Pay and Receive Health Care Kickbacks | 11 |
| set 3 | | | |
| set 4 | | | |

(May be continued on second sheet)

**Date:** 5/2/13        **Signature of AUSA:** _Abigail Taylor_

**District Court Case Number (To be filled in by deputy clerk):** _____

| **Criminal Cover Sheet** | **U.S. District Court** |
|---|---|

**Place of Offense:**                    **Matter to be sealed:** ☒ No  ☐ Yes

City         Baton Rouge         **Related Case Information:**

County/Parish East Baton Rouge         Superseding Indictment __X__ Docket Number 12-73-BAJ-SCR
Same Defendant _____ New Defendant __X__
Magistrate Case Number _____
Search Warrant Case No. _____
R 20/ R 40 from District of _____
**Any Other Related Cases:** _____

**Defendant Information:**

Defendant Name    Anna Ngang
Alias
Address ████████████████████████████████
Birthdate ███████        SS # ██████        Sex  F     Race     Nationality USA

**U.S. Attorney Information:**

AUSA      Shubhra Shivpuri              Bar #
          Abigail Taylor

**Interpreter:** ☒ No ☐ Yes        **List language and/or dialect:** _____

**Location Status:**

Arrest Date _____
_____    Already in Federal Custody as of _____
_____    Already in State Custody
_____    On Pretrial Release

**U.S.C. Citations**

**Total # of Counts:** ____1____        ☐ Petty   ☐ Misdemeanor   ☒ Felony

|       | **Index Key/Code** | **Description of Offense Charged** | **Count(s)** |
|-------|--------------------|-----------------------------------|--------------|
| set 1 | 18 U.S.C. 1349     | Conspiracy to Commit Health Care Fraud | 1 |
| set 2 |                    |                                   |              |
| set 3 |                    |                                   |              |
| set 4 |                    |                                   |              |

(May be continued on second sheet)

**Date:** 5/2/13        **Signature of AUSA:** _Signature_

**District Court Case Number (To be filled in by deputy clerk):** _____

| Criminal Cover Sheet | U.S. District Court |
|---|---|

**Place of Offense:**                                    **Matter to be sealed:** ☒ No   ☐ Yes

City _____Baton Rouge_____                **Related Case Information:**

County/Parish East Baton Rouge _____       Superseding Indictment __X__ Docket Number 12-73-BAJ-SCR
                                              Same Defendant _____ New Defendant __X__
                                              Magistrate Case Number _____
                                              Search Warrant Case No. _____
                                              R 20/ R 40 from District of _____
                                              **Any Other Related Cases:** _____

**Defendant Information:**

Defendant Name     Osborne "Patrick" Wallace
Alias
Address ███████████████████████████████
Birthdate ███████████        SS # ███████████        Sex  M       Race        Nationality USA

**U.S. Attorney Information:**

AUSA        Shubhra Shivpuri                              Bar #
            Abigail Taylor

**Interpreter:** ☒ No  ☐ Yes        **List language and/or dialect:** _____

**Location Status:**

Arrest Date _____
_____    Already in Federal Custody as of    _____
_____    Already in State Custody
_____    On Pretrial Release

**U.S.C. Citations**

**Total # of Counts:** ___1___        ☐ Petty   ☐ Misdemeanor   ☒ Felony

|       | **Index Key/Code** | **Description of Offense Charged** | **Count(s)** |
|-------|--------------------|------------------------------------|--------------|
| set 1 | 18 U.S.C. 1349     | Conspiracy to Commit Health Care Fraud | 1 |
| set 2 |                    |                                    |              |
| set 3 |                    |                                    |              |
| set 4 |                    |                                    |              |

(May be continued on second sheet)

**Date:** 5/2/13        **Signature of AUSA:** _[signature]_

**District Court Case Number (To be filled in by deputy clerk):** _____